# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 15-652V

**Filed: May 31, 2016**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MATTHEW WOLFE,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

UNPUBLISHED

Special Master Hamilton-Fieldman

Joint Stipulation on Damages;
Joint Stipulation on
Attorneys' Fees and Costs;

<u>Timothy John Carpurso</u>, Gordon, Feinblatt, et al., Baltimore, MD, for Petitioner.
<u>Ryan Daniel Pyles</u>, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On July 29, 2014, Stephanie Wolfe filed a petition, on behalf of her then-minor son, Matthew Wolfe ("Petitioner"),[2] pursuant to the National Vaccine Injury Compensation Program.[3] Petitioner alleges that his receipt of the meningococcal vaccine on June 27, 2012 caused him to develop Guillain-Barré Syndrome ("GBS").

On May 31, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation and attorneys' fees and costs. Respondent denies that the meningococcal vaccine is the cause of Petitioner's alleged GBS and/or any other injury.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. <u>See</u> 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] On October 26, 2015, the case caption was amended to reflect the fact that Petitioner was no longer a minor and was pursuing the case on his own behalf.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.

The undersigned finds the stipulation reasonable, observes that this petition was brought in good faith and that there existed a reasonable basis for the claim, and notes that in accordance with General Order #9, the parties represent that Petitioner did personally not incur any costs in pursuit of his vaccine claim. Accordingly, the undersigned adopts the stipulation as the decision of the Court in awarding damages and attorneys' fees, on the terms set forth therein:

The parties stipulate that Petitioner shall receive the following compensation:

A lump sum of **$85,000.00**, in the form of a check payable to [P]etitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

A lump sum of **$21,000.00**, in the form of a check payable jointly to [P]etitioner and [P]etitioner's counsel, Timothy J. Carpuso, Esq., for all attorneys' fees and litigation costs available under 42 U.S.C. § 300aa-15(e).

Stipulation at 2, ECF No. 27.

In sum, the undersigned approves the requested amount for Petitioner's compensation and attorneys' fees and costs. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[4] Entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review. Vaccine Rule 11(a).